Messrs. *Benjamin Gorham*, of Boston, *Samuel P. P. Fay*, of Cambridge, *Jairus Ware*, of Wrentham, *Frederick Howes*, of Danvers, *Edward D. Bangs*, of Worcester.

---

### FALMOUTH.

Where a member had been convicted upon an indictment for larceny, and the verdict had been set aside, a new trial granted, and the indictment afterwards quashed for informality:—the conviction was held not to disqualify him.

JAMES MORRELL being returned a member from the town of Falmouth, in the county of Cumberland, and having taken his seat in the house, his right to hold the same was controverted by Moses Morrell and others, on the ground, that he had been convicted of larceny.[1]

The committee on elections made the following report in this case, which was agreed to,[2] namely:—

The committee on elections, to whom was referred the petition of Moses Morrell and others, praying the attention of the house of representatives to the case of James Morrell, Esq., one of its members, beg leave to report, that,

The only charge preferred against the said James Morrell, which the committee thought required investigation, was that of larceny, of which, the petitioners state, that the said James had been convicted. The evidence on this charge resulted principally from the transcript of the record of the circuit court of common pleas for the county of Cumberland, from which it appears, that the said James Morrell was indicted at said court in March, 1814, for stealing a town order from one Jabez Jones,

[1] 37 J. H. 7.                         [2] Same, 101.

on which was due the sum of $15.12; that he was there tried
and found guilty by the jury, but the verdict was set aside for
irregular conduct in the jury after they had withdrawn from
court and before they had returned their verdict; a new trial
was of course granted to said Morrell, and the cause was con-
tinued to the next term of said court, when the indictment
was quashed for want of due form.[1]   These facts could not
substantiate the charge of larceny against the said James,
since the verdict had become a nullity and upon a new trial
he might be acquitted; but to obviate the inferences unfavor-
able to the character of said James, which might be drawn
from the facts as they appear of record only, the committee
think it proper to state, that from further inquiry on this sub-
ject, it appeared, that the only material witness on the trial
was the said Jones, from whom the said Morrell had got pos-
session of the town order at a meeting with him for the purpose
of adjusting some demands which the said Morrell had against
him; and about which there was some disagreement at the
time of the meeting; what testimony the said Jones gave at
the trial before the jury, does not appear; but after the indict-
ment was quashed, the said James Morrell was brought before
Woodbury Storer, Esq., of Portland, upon a complaint for the
same offence, and the said Jones there appeared to substantiate
the charge; but the magistrate, upon a full understanding of
the facts, was satisfied that they did not support the com-
plaint, and dismissed the said Morrell.   Soon afterwards a
complaint was preferred to the grand jury against the said
Morrell, and the said Jones appeared before them and was
examined, but the jury did not find a bill.   One of the grand
jury, who was also present at the examination before Wood-
bury Storer, Esq., appeared before the committee, and from
his statement of the evidence given by said Jones in his hear-
ing, the committee are all impressed with the belief, that the
conviction abovementioned must have taken place through
some mistake or misrepresentation, and that no imputation

---

[1] The words, "a true bill," were wanting over the signature of the foreman of the
grand jury.

can justly rest upon the said Morrell, of the offence charged against him by the petitioners.

The committee therefore report, that it is inexpedient for the house of representatives to take any further order on the subject of said petition."[1]

---

[1] The rule in England, with relation to disqualification by reason of crime, is thus stated : —

" A person attainted of treason or felony, being dead in law, is disqualified; but an indictment for felony causes no disqualification until conviction; and even after conviction, a new writ will not be issued, where a writ of error is pending, until the judgment has been affirmed."   May, L. and P. of Parliament, (2d Ed.) 35.

